AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
Western District of Arkansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 5:19 CM 120
)
AN ALCATEL TETRA MODEL 5041C CELLULAR )
TELEPHONE )
)

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Western_____ District of _____Arkansas, Fayetteville Div._____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __11/26/19__ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __Hon. Erin L. Wiedemann, U.S. Magistrate Judge__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
  ☐ for _____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __11/12/19   12:58 P.M.__         __Erin L. Wiedemann__
                                                          *Judge's signature*

City and state:  Fayetteville, Arkansas          Hon. Erin L. Wiedemann, U.S. Magistrate Judge
                                                       *Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.:<br>5:19 CM _____ | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| Certification |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br>Date: _____                _____<br>                                                             *Executing officer's signature*<br><br>                                                             *Printed name and title* |

## ATTACHMENT A

The property to be searched is described as a black Alcatel Tetra model 5041C cellular telephone. The cellular telephone is currently in the possession of Homeland Security Investigations, located at: 75 N. East Avenue, Fayetteville, Arkansas. This warrant authorizes the forensic examination of the described and photographed cellular telephone for the purpose of locating the electronically stored information described in Attachment B.




## ATTACHMENT B

## *INFORMATION TO BE SEIZED BY THE GOVERNMENT*

All records and information on the device described in Attachment A that constitutes evidence, fruits, and instrumentalities of violations of 21 U.S.C. §§ 841(a)(1) and 846 including:

a. All internet browsing history, as well as telephonic, text, and electronic mail messages between Jed High and other persons, known and unknown, regarding the unlawful acquisition, disposition, and/or transfer of controlled substances or controlled substance analogues; information regarding the payment(s) for the controlled substances or controlled substance analogues; or the acquisition, transfer, or concealment of assets, money, or proceeds by any means;

b. All bank records, wire transfer records, bank statements, tax records, tax returns, financial records and notes, checks, credit card bills, account information, and other financial records;

c. Correspondence, notations, logs, receipts, journals, records, and other documents noting the price, quantity and/or times when controlled substances or controlled substance analogues were obtained and/or sold;

d. Any and all address books, telephone records, telephone books, date books, calendars, payment records, and telephone bills and documents and other items reflecting names, addresses, and telephone numbers;

e. Records, documents, and deeds reflecting the purchase or lease of real estate, vehicles, precious metals, jewelry, or other items, obtained with the proceeds from the illegal sale of controlled substances or controlled substance analogues and related activities;

f. Records of off-site locations to store records or controlled substances, including safe deposit keys, records, receipts, rental agreements for storage facilities;

g. Mementos, including photographs, and other historical keepsake items which document the association of co-conspirators, with each other and other suspected associates involved in the illegal sale of controlled substances and controlled substance analogues and money launders as well property or assets purchased with illegal proceeds;

h. Lists of customers and related identifying information;

i. Types, amounts, and prices of controlled substances and controlled substance analogues trafficked, as well as dates, places, and amounts of specific transactions;

j. Text messages and other communications stored on the electronic devices relating to the trafficking of controlled substances and controlled substance analogues, money laundering, or identification of co-conspirators;

k. Any information related to the sources of drugs (including names, addresses, phone numbers, or any other identifying information);

l. Evidence of user attribution showing who used or owned the device at the time the things described in this warrant were created, edited, deleted, such as logs, phonebooks, photographs, saved usernames and passwords, documents, spreadsheets, and browsing history;